IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
SOUTHERN DIVISION

| | | |
|---|---|---|
| Alan Troy, Administrator of the Estate of DARLENE MAYBANKS TROY, | ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | No. 7:14-CV-193-FL |
| UNITED STATES OF AMERICA, | ) ) | |
| Defendant. | ) | |

| | | |
|---|---|---|
| Alan Troy, Administrator of the Estate of DARLENE MAYBANKS TROY, | ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | No. 7:14-CV-270-FL |
| SARAH PATTON TOWNE, DO, | ) ) | |
| Defendant. | ) | |

**ORDER**

This matter comes before the court on plaintiff's motion to remand, pursuant to 28 U.S.C. § 1367(c), filed in the second action captioned above, together with defendant's motion for intervention of right in the first action captioned above, made pursuant to Federal Rule of Civil Procedure 24(a). ( 7:14-CV-270, DE 19, 21). The issues raised have been briefed fully, and in this posture are ripe for ruling. For the reasons that follow defendant Towne's motion to intervene is

denied and plaintiff's motion to remand is allowed.

## I. Procedural Background

On October 24, 2014, plaintiff, acting as administrator of the estate of his deceased wife ("decedent"), filed the second action captioned above in the Columbus County, North Carolina, Superior Court, against defendants Sarah Patton Towne ("Towne"), a doctor at the New Hanover Regional Medical Center ("NHRMC") Community Health Clinic; Erin D. Williamson ("Williamson"), a family nurse practitioner at the NHRMC Community Health Clinic; and Carol A. Flaugher, a women's health nurse practitioner at the NHRMC Community Health Clinic. Each had a treating relationship with decedent at the time of her death. Plaintiff alleges defendant Towne was negligent where she allegedly 1) failed to provide decedent treatment in accordance with the standards of practice among members of the same health care profession with similar training and experience, in the same community; 2) failed to exercise reasonable care and diligence in the application of her knowledge and skill for the care of decedent; 3) failed to use her best judgment in treating decedent; 4) failed to prescribe decedent appropriate and necessary medications; 5) failed to ensure decedent was referred for surgery in a timely manner; 6) failed to take adequate steps to ensure decedent had an appointment within a matter of days from the date it was noted decedent would require surgery; and 7) failed to respond to decedent's presentation of her symptoms with appropriate urgency and diligence to prevent decedent's death. (Compl., 7:14-CV-270, DE 1-2, ¶37)[1]. Plaintiff makes similar allegations with respect to defendants Williamson and Flaugher (Id. ¶¶38-39).

---

[1] DE 1-2 consists of all pleadings and papers served on defendant in the state proceeding. The complaint may be found at pages 5-11 of that attachment.

On November 19, 2014, the United States removed the action to this court, pursuant to 28 U.S.C. § 1442, and substituted itself for Williamson and Flaugher. In its notice of removal, the government asserted federal jurisdiction under the FTCA, where both Williamson and Flaugher (but not defendant Towne) were government employees for purposes of that statute and, at all times relevant to the allegations made in the complaint, were acting in the course and scope of their employment. (Notice of Removal & Substitution, 7:14-CV-270, DE 1, ¶2). In particular, the government averred Williamson and Flaugher were employed by the United States Department of Health and Human Services, and at all times relevant to the instant action were Public Health Service employees, as defined by 42 U.S.C. §§ 233(g)-(n). (7:14-CV-270, DE 4). So as of November 19, 2014, defendants in the second captioned case above were Towne and the United States. Upon its removal November 19, 2014, that case was assigned to another district judge.

However, around six weeks prior to the filing of second captioned matter, plaintiff, acting as administrator of the estate of the decedent, had initiated the first action captioned above by complaint filed in this court September 10, 2014, predicated on the same facts, and assigned to the undersigned judge. In this proceeding, plaintiff sues the United States of America ("United States") under the Federal Tort Claims Act ("FTCA"), 28 U.S.C. §§ 2671-80, for the alleged medical negligence of Towne, Williamson, and Flaugher, also as described in the second action captioned above.

On December 16, 2014, the judge initially assigned to the second case captioned above acted favorably on a motion filed by the government, seeking to consolidate the two cases here at issue. (7:14-CV-270, DE 9). This triggered a reassignment of the later filed action to the undersigned. (7:14-CV-270, DE 10).

3

The undersigned was disinclined to entirely fold the two cases together, without more, and they have remained as separate cases, managed together, however. The court directed the government to file its consolidated answer in both cases, and in that text order entered December 23, 2014, the court also directed plaintiff to "report to the court within 10 days why there are two separate actions, " where the court noted:

> [T]he action which originated in state court was filed after the federal one by a different lawyer who, to date, has failed to file any notice of appearance. There are common actors complained of in the two suits, but Sarah Patton Towne is named as defendant only in the later filed action. Without more, an unnecessary layer of complexity appears manifest in the parallel pleadings, which the court, of its own initiative, seeks now to address or, at the least, better understand before determining the scope of any consolidation. Said report shall be filed in each case.

(7:14-CV-270, Dec. 23, 2014, Text Order).

In his response filed January 2, 2015, plaintiff stated that, at the time of filing, it was unclear whether the named state defendants were federal employees under 42 U.S.C. §§ 233(g)-(n) and the parallel proceeding was filed in order to preserve plaintiff's rights under the FTCA. (7:14-CV-270, DE 13 at 1). Plaintiff further stated that after filing this action he, through counsel, had sought information from the government related to the named state-court defendants' status as government employees. (Id. at 2). Plaintiff noted that, if one or more defendants was deemed by statute a federal employee, it had been his intention to voluntarily dismiss the state-court case against such defendant and thereafter proceed against any federal employee in the parallel proceeding. (Id.). Plaintiff intended to proceed against all non-federal employees in the state court proceeding. (Id.).

On January 12, 2015, the court held a consolidated Rule 16 status conference also to address the overlap between the cases. After discussion with the lawyers, as stated at conference and

4

confirmed by text order entered same day, the court 1) noted that it anticipated plaintiff filing in this case a motion to dismiss the United States as defendant and to remand the remaining claims against defendant Towne back to state court which, if allowed, would close 7:14-CV-270; 2) directed plaintiff to file any such motion within 28 days of entry of the court's order, and 3) noted the United States and defendant Towne had no objection to the proposed dismissal of the United States, but that defendant Towne would object to plaintiff's proposed motion to remand his claim against her. (7:14-CV-193, Jan. 12, 2015, Text Order; 7:14-CV-270, Jan. 12, 2015, Text Order).

As anticipated, on January 27, 2015, plaintiff filed his motion to dismiss the United States as defendant in the second action captioned above, which motion was unopposed by both the United States and Towne. (7:14-CV-270, DE 17). The court entered order on January 29, 2015, granting plaintiff's motion to dismiss the United States. (7:14-CV-270, DE 18). The caption of the second case above has been amended to reflect that only defendant Towne remains as a defendant in this action.

Also as expected, on February 9, 2015, plaintiff filed a motion to remand case this action to the Columbus County Superior Court. (7:14-CV-270, DE 19). Defendant Towne subsequently filed a motion to intervene of right in the first captioned action above, pursuant to Federal Rule of Civil Procedure 24(a). (7:14-CV-270, DE 21).

## II. Factual Background

Case background pertinent to both actions is summarized herein. Beginning in October 2012, decedent began treatment for hyperthyroidism at the NHRMC Community Health Clinic in Wilmington, North Carolina. On January 29, 2013, decedent died from complications related to her thyroid disorder, referred to in the complaint as thyroid storm or thyrotoxicosis. After decedent's

5

death, plaintiff was appointed administrator of decedent's estate.

As of January 29, 2013, decedent had been under the care of three different medical professionals working at or employed with NHRMC. Defendant Towne was a doctor practicing with NHRMC at its Community Health Center, specializing in family practice. Williamson was a family nurse practitioner and worked at NHRMC's Community Health Center. Flaugher, a women's health nurse practitioner, also worked at NHRMC's Community Health Center.

Decedent first visited the Community Health Clinic on October 10, 2012, when she sought treatment for foot pain. At this visit, plaintiff was seen by Williamson, who "noted a fine, rapid tremor of both hands," ordered lab testing, instructed decedent to undergo a complete physical examination, and stated that she would consider Popranolol for tremors at decedent's next visit. On October 31, 2012, decedent returned to the Community Health Clinic for a physical examination with Flaugher. At this visit, Flaugher noted that decedent's recent labs from her October 10, 2012, visit indicated hyperthyroidism. Flaugher ordered an ultrasound to confirm the diagnosis.

A thyroid ultrasound was performed on November 21, 2012, which indicated decedent had an enlarged thyroid with two nodules.[2] Williamson reviewed the report on November 29, 2012, and, according to Williamson's notes, discussed the report with decedent on December 11, 2012. At the December 11 visit, Williamson prescribed decedent the drug "Methimazole,"to address decedent's hyperthyroidism.

On December 17, 2012, decedent returned to the NHRMC Community Health Clinic, where she was seen by defendants Towne and Williamson. (Id. ¶29). The notes from decedent's visit

---

[2] A thyroid nodule is a "lump that forms within [the] thyroid." Thyroid Nodules, Mayo Clinic, http://www.mayoclinic.org/diseases-conditions/thyroid-nodules/basics/definition/con-20021546.

6

indicate decedent's "active problems" included hyperthyroidism, but listed her chief complaint as "medication reaction," because decedent indicated she was unable to tolerate the Methimazole previously prescribed by Williamson. Defendant Towne noted that decedent needed to undergo surgery on her thyroid on an expedited basis, but did not prescribe any medication as a substitute to the Methimazole to address decedent's hyperthyroidism symptoms.

On January 9, 2013, decedent was scheduled for surgery on February 14, 2013. However, on January 28, 2013, decedent died at NHRMC Community Health Clinic.

### III. Court's Discussion

The court turns its attention first to the motion to intervene, and then addresses the motion to remand below.

A.   Motion to Intervene

Defendant moves to intervene of right in the first action captioned above. Defendant contends that she has an interest in the outcome of that case, suggesting that a verdict in the United States' favor on ground of her superceding or intervening negligence may prejudice her in a subsequent state court proceeding. For the reasons that follow, the court disagrees and denies defendant's motion.

Federal Rule of Civil Procedure 24(a)(2) states that the district court must allow intervention whereupon timely application the applicant "claims an interest relating to the property or transaction that is the subject of the action, and is so situated that disposing of the action may as a practical matter impair or impede the movant's ability to protect [her] interest, unless existing parties adequately represent that interest." Fed. R. Civ. P. 24(a)(2). The Fourth Circuit has interpreted the requirements for intervention of right to be: 1) the application for intervention must be timely; 2) the

7

applicant must have an interest in the subject matter of the underlying action; 3) denial of the motion to intervene must impair or impede the applicant's ability to protect his or her interest; and 4) the applicant's interest is not adequately represented by the existing parties to the litigation. Houston Gen. Ins. Co. v. Moore, 193 F.3d 838, 839 (4th Cir. 1999).

Prongs 2 and 3 properly may be considered together. The would-be intervenor must demonstrate that she has a "significantly protectable interest" in the outcome of the litigation into which intervention is sought. Teague v. Bakker, 931 F.2d 259, 261 (4th Cir. 1991) (quoting Donaldson v. United States, 400 U.S. 517, 531 (1971)). This standard is met when the intervenor stands to "gain or lose by the direct legal operation of the district court's judgment." Id. A would-be intervenor bears the burden of demonstrating the right to intervene. In re Richman, 104 F.3d 654, 658 (4th Cir. 1997).

The overriding issue presented by defendant Towne's motion to intervene is whether defendant has a "significantly protectable interest" in the outcome of plaintiff's suit against the United States. Defendant will stand to "gain or lose" from the outcome of this court's decision in the FTCA case only if a decision regarding her intervening or superceding negligence would be binding on her in a later litigated state-court action. This question implicates principles of collateral estoppel and res judicata. Defendant asserts no other legal basis whereby her rights may be impaired as a result of the FTCA litigation.

Under North Carolina law, collateral estoppel, or issue preclusion, applies to a litigation where in an earlier suit there was 1) a final judgment; 2) on the merits; 3) the issue in question was identical to an issue in the earlier suit; 4) that issue was actually and necessarily litigated; and 5) the party against whom collateral estoppel is asserted was a party, or in privity with a party, to the earlier

8

litigation. Thomas M. McInnis & Assocs., Inc. v. Hall, 318 N.C. 421, 429 (1986).[3]  Similarly, *res judicata*, or claim preclusion, applies where a party can show 1) a final judgment; 2) on the merits; 3) the same cause of action is involved in both suits; and 4) the party against whom res judicata is asserted was a party, or was in privity with a party, to the earlier suit. Id.

The determinative factor for both issue and claim preclusion is the existence of privity. "Privity" "denotes a mutual or successive relationship to the same rights of property." Settle *ex rel* Sullivan v. Beasley, 309 N.C. 616, 619 (1983). Privity exists when two parties share an interest in the same legal right. State *ex rel* Tucker v. Frinzi, 344 N.C. 411, 417 (1996). Privity "is not established, however, from the mere fact that persons may happen to be interested in the same question or in proving or disproving the same state of facts, or because the question litigated was one which might affect such other person's liability as a judicial precedent in a subsequent action." Id. (quoting 74 Am. Jur. 2d Judgments § 663); see also Masters v. Dunstan, 256 N.C. 520, 524-25 (1962) ("[T]he fact that persons are interested in the same question or in proving the same fact, or that one person is interested in the result of litigation involving the other does not make them privies.").

Here, defendant and the United States are not in privity. Although defendant has an interest in proving or disproving the same set of facts at issue in the parallel proceeding, such interest is insufficient to establish privity. Where there is no privity between defendant Towne and the United States, any potential finding by this court that defendant's actions were a intervening or superceding

---

[3]Privity is required where a party uses collateral estoppel as a "sword," i.e. offensively, rather than defensively. Where collateral estoppel is asserted as a defense to a claim, North Carolina courts have abandoned the privity requirement. See Mays v. Clanton, 169 N.C. App. 239, 241 (2005) (Wynn, J.). In the case at bar, defendant fears offensive collateral estoppel, requiring privity.

9

cause of decedent's death will not be binding on defendant Towne in subsequent litigation. Accordingly, defendant lacks the significantly protectable interest in that matter required for intervention of right, under Federal Rule of Civil Procedure 24(a).

B.     Motion to Remand

It is undisputed that at the time of removal of the second action captioned above, this court had original jurisdiction over the United States, serving as defendant in Williamson and Flaugher's stead, pursuant to 28 U.S.C. § 1442. Moreover, the parties do not dispute that at the time of removal, this court did not have original jurisdiction over plaintiff's claim against defendant, but rather had supplemental jurisdiction over such claim, under 28 U.S.C. § 1367(a). Where the court's January 29, 2015, order dismissed all claims over which it had original jurisdiction, plaintiff now moves the court for a discretionary remand pursuant to 28 U.S.C. § 1367(c). For the reasons that follow, the court agrees that remand is appropriate, in conjunction with its denial of defendant Towne's motion to intervene.

Plaintiff, in the second action captioned above, moves to remand pursuant to 28 U.S.C. § 1367(c). That statute provides that a district court "may decline to exercise supplemental jurisdiction over a claim" made under § 1367(a), if:

1)     the claim raises a novel or complex issue of State law,
2)     the claim substantially predominates over the claim or claims over which the district court has original jurisdiction,
3)     the district court has dismissed all claims over which it has original jurisdiction, or
4)     in exceptional circumstances, there are other compelling reasons for declining jurisdiction.

Id. "[T]he federal court [also] should consider 'principles of economy, convenience, fairness, and comity.'" Hinson v. Norwest Fin. S.C., Inc., 239 F.3d 611, 617 (4th Cir. 2001) (quoting Carnegie-

10

Mellon Univ. v. Cohill, 484 U.S. 343, 357 (1988)). The court also should consider whether the efforts of the party seeking remand "amount to a manipulative tactic." Id. (citations omitted).

Here, factors 2 and 3 counsel in favor of remand. With regard to the "substantial predomination" element, state claims "substantially predominate" where issues of state law are "more complex, more time consuming to resolve, or in any other way more significant than their federal counterparts." Borough of W. Mifflin v. Lancaster, 45 F.3d 780, 790 (3d Cir. 1995); see also Jones v. Baugher, 689 F. Supp. 2d 825, 834 (W.D. Va. 2010) ("A state claim substantially predominates if the claim over which the court has original jurisdiction 'is only an incident or adjunct of the state claim and [] the state claim is the crux of the action.'" (quoting Spaulding v. Mingo Cnty. Bd. of Educ., 897 F. Supp. 284, 289 (S.D. W. Va. 1995)). This factor weighs heavily in favor of remand. This case presents for decision no issues of federal law. The only issues remaining before this court concern state tort law.

With respect to factor 3, this factor also weighs heavily in favor of remand. It is presumed that "a court will decline supplemental jurisdiction if the underlying [federal] claims are dismissed before trial." Charles Alan Wright et al., 13D Fed. Prac. & Proc. § 3567.3 (3d. ed 1998 & Supp. 2015); see also Priester v. Lowndes Cnty., 443 F.3d 642, 647 (5th Cir. 2004) ("In cases where al of the federal claims are dismissed before trial, the general rule is that the district court may decline to exercise supplemental jurisdiction."); Shanaghan v. Cahill, 58 F.3d 106, 110 (4th Cir. 1995); Morales v. Richardson, 841 F. Supp. 2d 908, 914 (D. Md. 2012) aff'd, 475 F. App'x 894 (4th Cir. 2012). Neither this case nor the parallel proceeding have begun discovery, and both cases are many months from trial. Given that procedural posture, remand is appropriate.

11

Courts in this circuit also have used § 1367(c)(3) as the point to consider "principles of economy, convenience, fairness, and comity," as required by Carnegie-Mellon, 484 U.S. 343 (1988). See McCullough v. Branch Banking & Trust Co., Inc., 844 F. Supp. 258, 260-61 (E.D.N.C. 1993) ("The supplemental jurisdiction statute does not list the factors which guide the court's discretion under § 1367(c)(3). . . . [However,] the court finds that it must analyze considerations of judicial economy, convenience, fairness, and comity in deciding whether to dismiss the plaintiff's state claims under § 1367(c)(3)."); see also Talamantes v. Berkeley Cnty. Sch. Dist., 340 F. Supp. 2d 684, 690 (D.S.C. 2004).

Principles of comity weigh heavily in favor of remand. As plaintiff highlights in brief, several of the issues presented to this court for decision have yet to be decided by the North Carolina Supreme Court. It is best to allow the North Carolina courts to decide these issues of state law if possible. Moreover, this does not amount to a surreptitious attempt by plaintiff to manipulate the forum in which this matter will be heard. In fact, defendant Towne consented to dismissal of the claim over which this court had original jurisdiction, an explicit factor, which, if met, empowers this court to remand the state law claim.

Remand also will not result in any unfairness to the parties. Trying this matter and the parallel proceeding separately, whether in this court or in a North Carolina court, will result in no additional expense or time for either the parties or witnesses. In addition, the alternative, joining this matter and the parallel proceeding for trial in this court, would give rise to serious fairness concerns and potentially could impair the parties' litigation strategies. In that situation, the court and a jury both would act as finder of fact for the FTCA and state law claim, respectively, which could result

in inconsistent verdicts.  Finally, considerations of judicial economy favor remand where a federal court has little interest in hearing a state law tort dispute between two citizens of the same state.

Defendant hotly disputes the propriety of remand, citing convenience concerns where a state case and the parallel proceeding would require duplicative discovery.  Defendant suggests the differing paces of discovery in the state and federal court systems will create unnecessary costs and result in lost efficiencies.  However, any such problems can be resolved through cooperation of counsel and sharing of discovery.  In any event, although the court is mindful of potential difficulties occurring on remand, any such difficulties are outweighed by considerations of comity and judicial economy.

In sum, because plaintiff's state claim substantially predominates over any federal issues, and because the court has dismissed all claims over which it has original jurisdiction, remand is appropriate in this case.  Plaintiff's motion to remand is allowed.

## IV.  Conclusion

Based on the foregoing, defendant Towne's motion to intervene in the first action captioned above, which motion is lodged on the docket in the second captioned action, bearing case number 7:14-CV-270-FL, at docket entry number DE 21, is DENIED.  Plaintiff's motion to remand this case against defendant Towne, pursuant to 28 U.S.C. § 1367(c), lodged on the docket in the second captioned action at docket entry number 19, is GRANTED.  This action is hereby remanded to the Superior Court of Columbus County, North Carolina.  The clerk is DIRECTED now to close  7:14-CV-270-FL.

Discovery in case number 7:14-CV-193 has been stayed pending disposition of the instant motions.  The court's initial order on scheduling immediately shall follow in this action, where

13

STAY now is LIFTED. Said order will direct the parties concerning their conference activities and subsequent submission of their joint report and proposed case schedule, in preface to the court's entry of a case management order.

As a part of their activities in aid to preparation of the parties' joint report, plaintiff and defendant United States also shall confer with counsel for Towne to structure a sharing of discovery in 7:14-CV-193 with Towne's counsel, which may be utilized in the action herein remanded to Columbus County Superior Court, if otherwise admissible. Likewise, the attorneys shall structure a sharing of discovery in the state court action with the United States, which may be utilized also in the FTCA action before this court, if otherwise admissible. Necessarily, the attorneys for plaintiff, defendant USA, and Towne shall establish any permissions for participation in all depositions taken in the state court action and the FTCA action. The discovery agreements entered into, including with Towne, shall be memorialized in the parties' joint report and plan to be submitted in this case. The signature of Towne's counsel shall be affixed thereto, evidencing any discovery agreements. And if Towne's counsel wishes to participate in anticipated conference by telephone with this court, prior to its entry of a case management order in the FTCA action, in the court's discretion, this will be allowed. Counsel for Towne simply shall signal this request through the form of report and plan to be filed by the parties in 7:14-CV-193, including counsel's telephonic contact information, and the clerk will add Towne's counsel to the conference call. The clerk shall serve a courtesy copy of the court's initial order on scheduling upon counsel for Towne.

SO ORDERED, this the 8th day of May, 2015.

_____
LOUISE W. FLANAGAN
United States District Judge